# CASES ARGUED AND DECIDED

IN THE

# SUPREME COURT OF MISSISSIPPI,

AT THE

## OCTOBER TERM, 1890.

---

### WESTERN UNION TELEGRAPH CO. v. J. M. LIDDELL.

1. TELEGRAPH COMPANY. *Negligence. Cause of injury.*
  To recover the value of a lost valise and contents, plaintiff sued a telegraph company for failure to send a message to Greenwood, where the valise had been left, and where it was last seen the day before plaintiff attempted to send the message which requested a search. In the absence of evidence that the valise was still there, *held*, that there was no such connection between the failure to send the message and the loss of the valise as entitled plaintiff to recover.

2. TELEGRAM. *Failure to send. Non-payment of charges.*
  Mere delivery to a telegraph operator of a written message (not on the usual blank) addressed to a person in a neighboring town, without payment of charges or anything being said with reference to that or the sending of the message, is insufficient to create a liability against the company for failure to send such message.

FROM the circuit court of Carroll county.

HON. C. H. CAMPBELL, Judge.

On Saturday morning, December 3, 1889, appellee, Liddell, left Greenwood, his home, to go by rail to the neighboring town of Carrollton. Leaving the omnibus, in which his valise was, he boarded the train, expecting the porter to put it on the cars. Soon after leaving Greenwood, he discovered that the valise was not on the train. On reaching Carrollton he asked the operator of appellant, who was also depot agent, to assist him in getting his valise.

The operator telegraphed the agent at Greenwood, who answered that it could not be found about the depot. But the valise was seen in the waiting-room of the depot at Greenwood that morning. On the next morning (Sunday) Liddell, being still in Carrollton, sent by a negro to the operator of appellant at that place a written message signed by himself and addressed to one McBride who controlled the omnibus at Greenwood, asking him to look after the valise. This message was not written on one of the company's blanks. Appellee did not pay for sending it, or offer to do so. He was familiar with the rules of the telegraph company, and knew that as a general rule prepayment for transmission of messages was necessary. But at home he had frequently sent telegrams without prepayment, the operator calling on him afterwards for pay. There was also testimony, which was objected to by defendant, to the effect that some time after the above the operator of appellant stated to appellee that the reason he failed to send the message was that he did not consider it necessary. This, however, was contradicted or explained by the operator, who testified that he had no recollection of ever having received the message and could not find it on the files.

Liddell failed to find his valise and brought this suit against the telegraph company to recover the value of the same and contents, besides the statutory penalty of $25 for failure to send the message.

On the trial the above facts were shown. The court, at the instance of the plaintiff, gave the following instructions:—

"1. The court instructs the jury that if they believe from the evidence that plaintiff sent a telegram to the agent of defendant, the Western Union Telegraph Company, to be sent to C. L. McBride, at Greenwood, Miss., who received it without objection, and that such telegram was not sent or was not delivered within a reasonable time, without a good and sufficient excuse, and if they further believe from the evidence that plaintiff, by reason of such failure to send or deliver such telegram, lost his valise, then the jury should find for plaintiff, and assess his damages at the value of such valise and its contents as shown by the proof, and for twenty-five dollars, the statutory penalty."

"2. A telegraph company is bound by the acts of its agent within the scope of his authority, while in the discharge of the business of the company, and if the jury believe from the evidence that J. W. Riley was the agent of the defendant, and that plaintiff sent him a telegram to be sent to C. L. McBride, directing McBride to take care of his valise, at the depot at Greenwood, and that said Riley received such telegram without objection, or did not notify Liddell or his messenger that he would not send it, then it was his duty to send such telegram, and if he failed to do so, the defendant is liable for all damages accruing to Liddell by reason of the defendant failing to send such telegram, as well as for the statutory penalty of $25.00."

"3. The court instructs the jury that if they believe from the evidence that a telegram was written by plaintiff and received for transmission without objection by the agent of defendant, and that defendant failed, neglected or refused to transmit and deliver the telegram in question within a reasonable time, without a good and sufficient excuse, the plaintiff is entitled to $25, statutory damages, against the company."

The following instructions, asked by defendant, were refused :—

"1. The court instructs the jury that if they believe from the evidence that it was a regulation of the Western Union Telegraph Company to require prepayment for the transmission of messages, and that the plaintiff did not pay for the transmission of the message in question, then he cannot recover in this case."

"2. The court instructs the jury that the acts of an agent do not bind the principal beyond the scope of authority, and though they may believe in this case that the message was handed to the agent, yet if they believe from the evidence that it was a rule of the company to require prepayment before transmission of messages, then any act as to a failure upon the part of the agent to transmit the message is not binding upon the company, and they will find for defendant, if they should believe that no money was paid for sending the message."

Plaintiff recovered a judgment for $100, from which the defendant appealed.   The opinion contains a further statement of the case.

*A. H. Somerville,* for appellant.

1. The regulation of appellant requiring prepayment for transmission was a reasonable one. Gray's Tel. Co. 13. The appellee knew of this regulation.

2. The alleged message was nothing more than a mere note, which it is claimed was handed to the telegraph operator. It was not written on the usual blank provided by the company for sending messages. These blanks contain a contract that the company makes in sending a message. In this case the plaintiff did not bind himself by the contract, and the company was not bound. *Dozier* v. *Tel. Co.,* 67 Miss. 288.

3. The damages are too remote. It cannot be said that the loss of the valise was the result of the failure to transmit the message. It was affirmatively shown that the valise, which was last seen in the waiting-room at Greenwood, could not be found therein on Saturday morning, and it is not reasonable to suppose that it could have been found twenty-four hours afterwards. The loss is not traceable to the failure to send the telegram. *Railroad Co.* v. *Ragsdale,* 46 Miss. 458 ; Gray's Tel. Co. 82.

*Southworth & Stevens,* for appellee.

1. This case is distinguishable from *Dozier* v. *Tel. Co.,* 67 Miss. 288. The plaintiff showed that the company always received his messages for transmission without prepayment. If it was a general regulation of the company to require prepayment, it was dispensed with and waived in his case. Why was there not a demand for prepayment? The defense is that the message was never received, and in another breath that the charges were not prepaid. We submit that the defendant is estopped from relying upon the defense that the price of transmission was not paid in advance.

2. The case was properly submitted to the jury on a question of fact, and we submit that the finding should not be disturbed. It was settled by the verdict that the loss was occasioned by the negligence of appellant and that it was the proximate result of that negligence.

WOODS, C. J., delivered the opinion of the court.

1. That the failure to transmit the message desired sent from Carrollton to Greenwood by the plaintiff below, on the day following the loss of his valise, was not the proximate cause of the damage sustained by plaintiff is too plain to require argument. The valise was last seen in the public waiting-room provided by the railroad company in its station-house at Greenwood nearly twenty-four hours before plaintiff sought to send his message. There is a total want of proof tending even to show that the valise was yet in the waiting-room after the hour of noon on Saturday, and there is not the hint of an assertion by counsel that the valise was in the waiting-room on Sunday when plaintiff desired to send his message. There is not only no proximate cause shown whereby to charge the telegraph company, but, on the record before us, there is no causal connection whatever between the failure to send the message on Sunday and the loss of the valise.

2. It is proper to say further, however, that the evidence in the record fails to satisfy us that there was, in legal contemplation, any failure to send any message which the company was bound to send. The mere delivery of a message contained in a writing addressed to McBride at Greenwood and signed by the plaintiff, on a leaf torn from a little blank-book, without any word spoken either by the plaintiff's messenger or the company's operator touching the sending of the message, and in the absence of any payment made or tendered of the charge for transmission, must be held insufficient to create a liability against the defendant company for failure to send such message. It is more than doubtful if the company's operator ever realized, until the company was sued in this action, that the paper handed him on that Sunday morning was a telegraphic message. That the negro who received the paper from plaintiff delivered the same to the operator is most likely true, on all the evidence; but there is no evidence that the operator then opened the note or that he had any reason to believe the paper thus handed him was a telegram designed to be transmitted by him.

We find, in the case of *Telegraph Co.* v. *Dozier*, 67 Miss.: " It

is common knowledge that messages are required to be written, and upon the blanks of the company, and it would be hazardous to pursue any other course." To this it is to be added that the rule of the defendant company requiring prepayment of messages desired sent is a reasonable regulation, and the observance of it may be insisted upon by the company in its dealings with the public. In the case before us the record confessedly shows that the plaintiff very well knew of the existence of this regulation.

In either aspect of the case hereinbefore adverted to by us the judgment of the court below was erroneous, and must be reversed.

*Reversed and remanded.*